# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**MARY G. COLE,**
    **Plaintiff,**

**vs.**        **Case No: 3:08cv70/LAC/MD**

**DEFENSE COMMISSARY AGENCY,**
    **Defendant.**

## ORDER

This cause is before the court upon plaintiff filing a complaint under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e to 2000e-17 (doc. 1), a motion to proceed *in forma pauperis* (doc. 2) and a motion for appointment of counsel (doc. 3).

Plaintiff's application to proceed *in forma pauperis* is deficient. Plaintiff only partially completed the financial affidavit form, failing to answer a number of questions concerning her financial status. The information she did provide is insufficient to enable this court to accurately assess her financial circumstances. For example, plaintiff states under oath that she is presently employed at WalMart, and has been so employed for approximately one month. She fails, however, to disclose her income. Plaintiff also indicates that she has accounts with two banks, savings and loans, and/or credit unions, but she does not disclose the balance of the accounts as of February 20, 2008 (the time she filed her complaint). Plaintiff further indicates that she owns real property in which she does not reside, but fails to disclose the amount of rental income, if any, she receives on the property. Lastly, plaintiff states her husband earns $2,160.00, but she fails to disclose whether this is a monthly, bi-weekly, or weekly figure. Her motion to proceed *in forma pauperis* will therefore be denied without prejudice to her refiling it with a complete financial affidavit. Plaintiff is advised that if she chooses to resubmit her application, she must truthfully and completely answer **all** questions on the form.

Plaintiff's motion for appointment of counsel will also be denied at this time. The appointment of counsel in civil cases such as this is not a constitutional right; rather, it is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quotations and citation omitted) (brackets in original); *see also Holt v. Ford,* 862 F.2d (11th Cir. 1989); *Jackson v. Dallas Police Dep't,* 811 F.2d 260, 261-62 (5th Cir. 1986). An additional consideration is "whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo*, 983 F.2d at 193.[1] In the instant case, plaintiff alleges in support of her motion that she is unable to afford counsel because she filed bankruptcy after losing her job at the Defense Commissary Agency, and that she unsuccessfully attempted to obtain counsel by contacting four attorneys and a lawyer referral service. Upon reviewing the pleadings in this action, the court finds that there are no exceptional circumstances to merit the appointment of counsel. The legal issues in this case have been settled in previous cases, and the facts do not appear to be complex. Moreover, the pleadings filed thus far by plaintiff suggest that she has an ability to communicate her allegations and litigate her case as well as that of the average *pro se* litigant. If in the future it appears otherwise, plaintiff can then raise the issue for further consideration.

As a final matter, it is noted that plaintiff declined to answer questions on the complaint form concerning exhaustion of her administrative remedies and receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). It is well established that prior to commencing a Title VII action in federal district court, "a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of h[er] right . . . to sue the respondent named in the charge." *Forehand v. Florida State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996). Further, if, after the expiration of 180 days, the charge has not been dismissed and no

---

[1] As the Fifth Circuit summarized in *Jackson v. Dallas Police Dep't, supra*:

> A district court is not required to appoint counsel unless the case presents "exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). "The existence of such circumstances will turn on the quality of two basic factors--the type and complexity of the case, and the abilities of the individual bringing it." *Id*. at 266 (footnote omitted).

*Jackson,* 811 F.2d at 261-62.

*Case No: 3:08cv70/LAC/MD*

other action has been taken by the EEOC, the EEOC must notify the complainant and she may then bring suit in district court within 90 days thereafter. *Id.*; *see* 42 U.S.C. § 2000e-5(f)(1).[2] Thus, plaintiff is advised that if she did not file a charge with the EEOC and obtain a right-to-sue letter, the defendant may seek dismissal of this suit on that basis.[3]

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is DENIED without prejudice.

2. The clerk is directed to forward to the plaintiff a form application to proceed *in forma pauperis* for use by non-prisoners. This case number shall be written on the form.

3. Within **thirty (30) days** from the date of this order, plaintiff shall either: (1) file with the court a complete application to proceed *in forma pauperis* on the court form; or (2) pay the $350.00 filing fee. Failure to do so will result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of the court.

4. Plaintiff's motion for appointment of counsel (doc. 3) is DENIED without prejudice.

DONE AND ORDERED this 27th day of February, 2008.

/s/ *Miles Davis*
   MILES DAVIS
   UNITED STATES MAGISTRATE JUDGE

---

[2]Title 42 U.S.C. § 2000e-5(f)(1) provides in pertinent part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

[3]If plaintiff decides not to pursue this lawsuit at this time, she should file a notice of voluntary dismissal. *See* Fed. R. Civ. P. 41.

*Case No: 3:08cv70/LAC/MD*